

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



GROVER SELLERS
ATTORNEY GENERAL

Honorable C. H. Cavness
State Auditor
Austin, Texas

Dear Sir:

Opinion No. 0-5709
Re: Is title to the property
formerly owned by the State
Staff Corps and Detach-
ment Club property vested
in the Texas National Guard
Armory Board, and related
questions.

    In your recent letter you gave us certain facts, which may be summarized as follows:

    You are making an audit of the books of account and records of the Adjutant General's Department. Attached to your letter are the following documents:

    1.  Sales agreement between M. L. Wiginton, Vendor, and Col. H. H. Carmichael, Major Q. C. Taylor and Capt. Ralph A. Lewis, Trustees for the State Staff Corps and Detachment Club, Purchaser, dated May 15, 1935, whereby the vendor agreed to sell and convey, and the Purchaser agreed to purchase "a strip of land on the west side of vendor's 9.73 acre tract adjoining a 3.02 acre tract this day sold to the Adjutant General's Department of Texas, being unimproved land lying immediately east of said 3.02 acres and containing 1.35 acres", situated in Travis County, Texas, for the sum of $1,800.00, payable in 10 monthly payments, with 5% interest, to Clyde Hailey, Trustee.

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. C. H. Cavness - Page 2

2. Warranty Deed, dated May 15, 1935, executed
by Mark L. Wiginton and wife, Gorham Wiginton,
conveying to the State Staff Corps and Detach-
ment Club a 1.35 acre tract situated in Travis
County, Texas, and described by metes and
bounds therein, for a recited consideration of
$1,800.00. The acknowledgments on this deed
were dated September 9, 1935, and it was filed
for record in the office of the County Clerk
of Travis County, Texas, on September 10, 1935.

3. Photostatic copy of the charter of the State
Staff Corps and Detachment Club, which was
approved September 9, 1935, by the Secretary
of State, and which shows Lieutenant Colonel
Horace H. Carmichael, Major Q. C. Taylor and
Captain Ralph A. Lewis as the corporation's
directors.

4. Minutes of a called meeting of the State
Staff Corps and Detachment Club members
(carbon copy), dated May 26, 1941. Such min-
utes recite, among other things, that Colonel
Carmichael died September 24, 1938; that the
only other two members, namely, Major Taylor
and Captain Lewis, were present at the meet-
ing, and that the following resolution was
duly adopted:

"WHEREAS, on August 27, 1935, H. H. Carmi-
chael and Q. C. Taylor and Ralph H. Lewis did, on
or about August 27, 1935, determine to organize
themselves into a Club, and to that end they did,
on September 9, 1935, file with the Secretary of
State of Texas an application for a charter of such
Club to be known as State Staff Corps and Detach-
ment Club, which application was approved by the
Secretary of State of Texas on the date upon which
it was filed; and

"WHEREAS, the three individuals above
named were and are the only persons who have ever
been members of said Club and Colonel H. H. Car-
michael, one of said members, died in the year
1938, and the other two above named are now all

Hon. C. H. Cavness - Page 3

of the and the only members of this Club; and

"WHEREAS, by an instrument dated May 16, 1935 but showing on its face that it was not executed until September 9, 1935, Mark L. Wiginton and his wife conveyed to said Club a tract of land being 1.35 acres out of the George W. Spears League, Travis County, more particularly described in said deed; and

"WHEREAS, said deed was not delivered until September 10, 1936, on which date it was placed of record with the County Clerk of Travis County, Texas, and is to be found of record on pages 361-362 of Vol. 526 of the Deed Records of said County; and

"WHEREAS, the consideration of $1800.00 recited in said deed was actually paid by the Adjutant General's Department of Texas by warrants drawn against the funds in the State Treasury appropriated for the procurement of armories for the military forces of Texas and neither this Club nor any member thereof paid any part of such consideration; and

"WHEREAS, at the time of the formation of this Club and of said conveyance and said payment the Adjutant General's Department intended to, by the use of funds so appropriated, acquire said land and, thereafter, construct thereon a building or buildings for the use of such military forces and, in order that a legal entity take title to said property, this Club was organized and chartered; and

"WHEREAS, shortly after the acquisition of said property, the procurement of such armories was, by Statute, taken from such Adjutant General's Department and placed in the Texas National Guard Armory Board, where such procurement authority now reposes; and

"WHEREAS, it has thereby become impossible to carry out, in the manner and form intended, the original purpose for which this Club was organized and said purchase made, but

Hon. C. H. Cavness - Page 4

it is possible to accomplish practically
the same purpose in the manner provided in
this resolution:

"Therefore, be it and it is hereby re-
solved by the State Staff Corps and Detach-
ment Club and by all the members of said
Club, as follows:

"1. That the President of this Club be
and he is hereby authorized and directed to
execute and properly acknowledge a deed,
in behalf of this Club, and its entire mem-
bership, conveying, for a nominal considera-
tion, the said tract of land to the Texas
National Guard Armory Board, a body politic
and corporate under the Statutes of Texas, on
the following conditions, towit:  that if
the said Board shall not on or before the ex-
piration of the ten year period immediately
following the execution of such deed begin or
procure to be begun on said land the con-
struction of a building or buildings intended
to be leased by said Board to the State of
Texas as contemplated in the Statutes governing
said Board and laws amendatory thereof and,
thereafter complete such construction with
reasonable dispatch, the title so conveyed will
revert to the State of Texas for the use and
benefit of the Adjutant General of the said
State and his successors in office, otherwise
to become absolute in said Board.

"2.  That the Secretary of this Club be
and he is hereby authorized and directed to
affix the seal of this Club to said deed and
attest the same and properly acknowledge said
deed.

"3.  That each of the two present members
of this Club join in said deed in their indivi-
dual capacities and in their capacities as mem-
bers and Directors of this Club.

"4.  That after the execution of such
deed as aforesaid, the same be delivered to the
Texas National Guard Armory Board through its
Chairman.

"5. That Mrs. Edna Fay Carmichael
be and she is hereby requested and authori-
zed to execute an appropriate instrument in
her individual capacity and as Independent
Executrix of the Estate of H. H. Carmichael,
deceased, transferring and conveying to said
Armory Board, under the same conditions as above
set out, all of her right, title and interest
and all of the right, title and interest held
and possessed by H. H. Carmichael at the time
of his death in and to said land, and that
the Secretary of this Club transmit to her a
copy of this resolution with the request that
she execute such an instrument.

"6. That certified copies of the Minutes
of this meeting and of this Resolution be de-
livered to said Armory Board at the time said
deed is delivered."

5. Warranty deed, dated May 26, 1941, executed
by State Staff Corps and Detachment Club,
conveying to the Texas National Guard
Armory Board the 1.35 acres described in
the deed referred to in paragraph (2) above,
upon the following condition, however:

"If the said Armory Board, its
successors or assigns, shall, for
any reason, fail or refuse, on or
before the expiration of the period
of ten years immediately following
the date of this instrument, to
actually begin to construct on said
land, and thereafter prosecute the same
to completion with reasonable diligence,
a building or buildings intended for lease
to the State of Texas under the laws now
prevailing, or any amendments thereof,
the title hereby conveyed shall pass
from said Board unto the State of Texas
for the use and benefit of the Adjutant
General's Department of said State of
Texas; but if such construction be so
begun and prosecuted to completion, this
deed to said Board shall become absolute."

6. Quitclaim deed, dated May 26, 1941, executed
by Edna Fay Carmichael, individually and as
Independent Executrix of the Estate of
H. H. Carmichael, deceased, conveying to Texas

Hon. C. H. Cavness - Page 6

National Guard Armory Board all of
the right, title and interest of grantor
in either capacity in and to the 1.35
acres above described.

7.   List of warrants, aggregating $2,000.00,
paid out of funds of the Adjutant General's
Department as rentals, towit:

| Warrant No. | Amount | Date | To Whom Issued |
|---|---|---|---|
| 151736 | $200.00 | May, 1935 | Clyde Hailey, Trustee |
| 156833 | 600.00 | June, 1935 | Clyde Hailey, Trustee |
| 171709 | 600.00 | July, 1935 | Ralph A. Lewis, Trustee |
| 182131 | 600.00 | Aug., 1935 | Ralph A. Lewis, Trustee |

8.   Miscellaneous correspondence.

9.   Working Sketch of Camp Mabry.

You request our opinion upon the following questions:

"1.   Was this transaction properly
handled as to the manner in which this pro-
perty was acquired, that is by payment of
State funds charged on the books as rental
which was actually paying for 1.35 acres of
land where the title rested with three indi-
viduals, one of whom we know was a State
employee, organized as the State Staff Corps
and Detachment Club, especially in view of
the fact that the property was acquired by the
Club in 1935, and was conveyed to a State
Agency in 1941 after a lapse of some six
years?

"2.   Is Document Number 5 a binding
document in view of the fact that the State
Staff Corps and Detachment Club is conveying
the 1.35 acres to the Texas National Guard
Armory Board for a consideration of '$10.00'
whereas the Club did not pay for this property
in the beginning as it was paid for by dis-
bursements from the funds of the Adjutant

Hon. C. H. Cavness - Page 7

General's Department, and further restrictive clauses condition the deed?

"3. What State Agency does hold title to this property under the existing document? If any fault be found in these instruments, what should be done to correct same? We feel there should be a clear title to the State of Texas."

The State of Texas has the same rights and powers in respect of property as an individual. It may acquire real or personal property by conveyance, will or otherwise, and hold or dispose of the property or apply it to any purpose as the State sees fit. Power in respect of State property rights is vested in the Legislature, and the Legislature alone may exercise the power necessary to the enjoyment and protection of those rights by the enactment of statutes for that purpose. 38 Tex. Jur. 836.

S. B. No. 526, Acts of the Regular Session of the 44th Legislature, 1935, transferred certain property owned by the State of Texas and theretofore acquired for the use of the Adjutant General's Department to the State Highway Department, and authorized the State Highway Department to pay over to the Adjutant General's Department the sum of $3,200.00, which sum was placed in a special fund in the State Treasury to the credit of the Adjutant General's Department. Such Act authorized the Adjutant General's Department to purchase and acquire suitable right of way and entrance to Camp Mabry, as in its judgment may be deemed necessary and proper, such property to be paid for out of the special fund thereby created. Such Act further provided that should the $3,200.00 special fund not be sufficient, an amount sufficient, not to exceed $3,200.00, was appropriated to the Adjutant General's Department to pay the difference between the special fund and the purchase price paid for such right of way.

Pursuant to such Act, the Adjutant General's Department acquired title to a .55 acre tract from Frank Roll and wife for $1,345.00; a .6669 acre tract from Mrs. Alice Aiken for $1,800.00; and a 3.2 acre tract from M. L. Wiginton and wife for $3,200.00. Such property is now used as an entrance to Camp Mabry. The 1.35 acre tract purchased by the State Staff Corps and Detachment Club, simultaneously with the above purchases by the Adjutant General's Department, is located just east of this entrance.

During the months of May, June, July and August,

Hon. O. H. Cavness - Page 8

1935, the warrants described in paragraph 7 above were issued upon vouchers signed by Colonel Carmichael, as Assistant Adjutant General. Such vouchers stated that the sums were for "armory rentals" for State Staff Corps and Detachment Headquarters 36th Division Trains; Company D, 141th Infantry. We have been unable to locate any written rental agreement between the Adjutant General's Department and Colonel Carmichael, Major Taylor and Captain Lewis, Trustees for the State Staff Corps and Detachment Club. The corporation, State Staff Corps and Detachment Club, did not come into legal existence until September 9, 1935. On such date, Mark L. Wiginton and wife conveyed to such corporation the above described 1.35 acre tract of land. We are at a loss to understand the reason for the "armory rental" vouchers, except the statement in the Resolution, on page 3 hereof, to the effect the consideration of $1,800.00 recited in the deed from Mark L. Wiginton and wife to the State Staff Corps and Detachment Club was actually paid by the Adjutant General's Department, and neither such Club nor any member thereof paid any part of such consideration.

Since Colonel Carmichael was Assistant Adjutant General and Trustee for the State Staff Corps and Detachment Club, any rental agreement he might attempt to make between the State of Texas and such Club would be void and against public policy. 43 Am. Jur. pp. 105, 107; Mayers v. Walker, 276 S. W. 305; City of Edinburg v. Ellis, 59 S. W. (2) 99. If the "armory rental" agreement was void, and State funds were used to pay the consideration for the deed to the Club, we are of the opinion that the State of Texas, at its election, will have a constructive trust upon such property, with the same rights to follow its funds into such property as an individual would have under the same circumstances.

In view of the fact that the Texas National Guard Armory Board paid no value to the State Staff Corps and Detachment Club for the deed to it, and is a State Agency with notice of the official position of Colonel Carmichael, we believe that such Board holds this property upon a constructive trust for the State of Texas.

We answer your questions as follows:

First question: This transaction was not properly handled, since State funds were used under the guise of "armory rentals" to pay the purchase price for property where the title

Hon. C. H. Cavness - Page 9

thereto was taken in the name of another. However, it should be noted that the Adjutant General's Department had no express legislative authority to purchase this property, and could not have purchased same for the State of Texas without such legislative authority.

Second question: We believe that document No. 5, above, is a "binding document", but that the Texas National Guard Armory Board holds this property upon a constructive trust for the State of Texas, because (1) such Board paid no value for this property, and (2) is a State Agency with notice of the official position of Colonel Carmichael.

Third question: The Texas National Guard Armory Board holds title to this property, subject to and upon a constructive trust for the State of Texas, at the election of the Legislature. If the Legislature elects to enforce a constructive trust upon this property, a conveyance to the State or suit by the Attorney General to enforce such trust will be necessary to vest title in the State. The remedy of enforcing a constructive trust upon this property is not exclusive, but it appears to us more feasible.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
         Thos. B. Duggan, Jr.
              Assistant

APPROVED
OPINION
COMMITTEE
BY _____
    CHAIRMAN

TBD:BT

APPROVED MAY 12, 1944

_____
(Acting) ATTORNEY GENERAL OF TEXAS